IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DERYL L. LAYTON,

          Plaintiff,

          vs.                            Case No. 06-1036-JTM

MICHAEL J. ASTRUE, Commissioner of
Social Security,

          Defendant.

MEMORANDUM AND ORDER

This Social Security appeal is before the court following the Report and Recommendation by the United States Magistrate Judge, and the objections thereto by the defendant Commissioner of Social Security.

In a September 23, 3005 decision by administrative law judge (ALJ) Michael R. Dayton, Layton was found to have not performed substantial gainful activity since the onset of his alleged disability on January 3, 2002. The ALJ further found that Layton was severely impaired by a seizure disorder, osteoarthritis of the left knee, degenerative disc disease of the lumber spine, a depressive disorder NOS, and a personality disorder NOS with schizoid features. He determined that Layton was not severely impaired by a variety of additional conditions, including hypertension, chronic allergies, and a removed forehead lesion. However, the ALJ found that taken collectively Layton's impairments did not meet any listed impairment, and, after determining Layton's residual

functioning capacity (RFC), concluded that he was not disabled because he could perform past

relevant work as a binary tape filer.

At issue here is whether the ALJ erred at the fourth step in the five-step process.  In the

present action, Layton has not challenged the ALJ's assessment of his RFC.  He has, however,

challenged the ALJ's decision at the second part of the fourth step process, determining whether he

could perform the demands of his prior work as a binary tape handler.  On this issue, the ALJ's

opinion states:

> From the claimant's testimony and other evidence of record including the claimant's prior reports and the claimant's record of earnings, the undersigned concludes that the claimant's past relevant work in accordance with the criteria of 20 C.F.R. 416.965, includes employment from February through July, 2003 as a binary tape filer.
>
> The claimant described his work as binary tape filer as filing binary computer tapes. He stated that he worked 40 hours a week and earned $7.25 an hour. Thus, this work constituted substantial gainful activity. He walked by library shelves filing computer tapes by serial number. He used a cart to bring tapes from other departments or tapes that had been mailed back to the company. He stood up to 6 hours a day, walked up to 6 hours a day, and sat up to 2 hours a day. He spent 2 hours a day climbing and 6 hours a day handling small objects. He lifted up to 30 pounds occasionally and 10 pounds frequently and did not supervise other people.
>
> The claimant performed this job long enough to learn the job duties. The vocational expert testified that the claimant's past work as a binary tape filer as this job is customarily performed in the national economy could still be performed by one subject to the exertional and nonexertional limitations listed above. Because the claimant's past work did not require the performance of work activities precluded by the claimant's medically determinable impairments, the claimant is able to return to the type of work that the claimant performed in the past.

(R. at 46-47 (exhibit references omitted)).

The ALJ did not find he could do the job as he had previously done it, but as it was done

customarily in the national economy.  However, the ALJ failed to make any detailed findings as to

how that job is customarily done.  The Magistrate Judge determined that the ALJ had erred, and had

failed to meet the "[a]dequate documentation" requirement of SSR 82-62.  Accordingly, the

Magistrate Judge recommended that the case be remanded to allow the ALJ to make specific

findings on the issue. (Dkt. No. at 10).

At the same time, the Magistrate Judge rejected plaintiff's argument that the binary tape filer

position was incorrectly classified as a DOT code 206.387-034 filing position.  He determined that

there was no evidence to support the claim, and substantial evidence against it.  (Id. at 11).

The Commissioner objects to remand, arguing that remand is unwarranted, since the ALJ had

implicitly adopted the vocational expert's conclusion.  Here, the ALJ stated that Layton could not

perform his prior work because it was at the medium exertion level, but could perform the work as

it is customarily performed in the national economy.  The vocational expert testified that the job as

defined by the DOT was "light, SVP 3, semi-skilled work." (Tr. 621).  The Commissioner notes that

there is no evidence of any difference — other than the exertional level — in the job as Layton had

actually performed it in the past, and as it is customarily performed in the national economy.  The

Commissioner also notes the ALJ's conclusion that the vocational expert's testimony was

"consistent with agency policy and regulations."  (Tr. 47).

At issue is whether the ALJ's decision is sufficient to meet the standards set forth by the

Tenth Circuit in *Winfrey v. Chater*, 92 F.3d 1017 (10th Cir. 1996) and *Doyal v. Barnhart*, 331 F.3d

758 (10th Cir. 2003).  In *Winfrey*, the court held that it was error for an ALJ to simply reach a

decision as to a claimant's RFC, and then fail to make additional specific findings as to the demands

of his former work.

> At step four, however, the scope of jobs is limited to those that qualify as the claimant's past relevant work. Therefore, it is feasible at this step for the ALJ to make specific findings about the mental and physical demands of the jobs at issue and to evaluate the claimant's ability to meet those demands. Requiring the ALJ to make specific findings on the record at each phase of the step four analysis provides for meaningful judicial review. When, as here, the ALJ makes findings only about the claimant's limitations, and the remainder of the step four assessment takes place in the VE's head, we are left with nothing to review.

92 F.3d at 1017.  The ALJ can rely on the testimony of the vocational expert.  But he must still

"make the required findings on the record, including his own evaluation of the claimant's ability to

perform his past relevant work."  *Id*.

In *Doyal*, the court distinguished between an ALJ's improper delegation of the fact-finding

role to a vocational expert, and legitimate reliance on such an expert.  331 F.3d at 761.  In that case,

the ALJ had found:

> The impartial vocational expert offered testimony indicating that given her particular residual functional capacity, the claimant can perform past relevant work. The vocational expert added that there is no variance between the description of these jobs found in the Dictionary of Occupational Titles and the claimant's residual functional capacity (S.S.R.00-4p). Because Ms. Doyal's past relevant work did not require the performance of work activities precluded by her medically determinable impairments, I conclude that she is able to perform her past relevant work as a housecleaner and sewing machine operator.

*Id*. (quoting ALJ decision).  The *Doyal* court rejected the claimant's suggestion that there was

anything improper in this finding:  "While the ALJ did not use the phrase 'I find' in connection with

his conclusion in the second phase of the analysis, the form of words should not obscure the

substance of what the ALJ actually did." *Id.*

The court finds that *Winfrey* does not require a remand of the action.  The conclusions

reached by the ALJ here are a far cry from the abdication of fact-finding responsibilities identified

in *Winfrey*.  Cases which have followed *Winfrey* have found error where there has been an essential

delegation of the decision-making process, or where the underlying vocational testimony is contradictory or absent entirely.  Thus, in *Chester v. Apfel*, 1999 WL 360176 (10th Cir. June 4, 1999), the court found that the ALJ had erred at step four where he had "merely stated in his written decision that he concurred with the VE's opinion," and the vocational expert in turn "merely gave his conclusory opinion that claimant could still function as a home health care aide." In *McIntire v. Apfel*, 1998 WL 31433, at *2 (10th Cir. Jan. 28 1998), the ALJ's decision identified only the claimant's restrictions, and the vocational expert's opinion "did not elaborate on or provide any information regarding the demands of claimant's past work, either as claimant actually performed it or as the work is generally performed in the national economy."

In contrast, in *Jordan v. Barnhart*, 213 Fed. Appx. 643 (10th Cir. 2006), the Tenth Circuit rejected a *Winfrey*-based challenge to an ALJ's fourth-step findings.  The court stated that

> the ALJ's decision does note with approval the VE's testimony that Mr. Jordan's past relevant jobs, as performed in the national economy, were suitable for an individual with the capacity for light work restricted by Mr. Jordan's functional limitations. It also summarizes Mr. Jordan's own testimony about the demands of his past jobs.

213 Fed.Appx. at 646.  The court held that this was sufficient to meet the requirements for step four set forth in *Winfrey*.

The findings upheld in *Jordan* are not markedly different from those presented here.  Here, the ALJ explicitly referenced the underlying vocational testimony: "The vocational expert testified that the claimant's past work as a binary tape filer as this job is customarily performed in the national economy could still be performed by one subject to the exertional and nonexertional limitations listed above."  The ALJ also referenced Layton's description of his prior work.  The vocational expert testified that the binary tape filer position was customarily performed at a light exertional

level, and the ALJ concluded that this position was within Layton's limitations. *Winfrey* does not require more.

IT IS ACCORDINGLY ORDERED this 9th day of August, 2007, that the Report and Recommendation of the United States Magistrate Judge is hereby incorporated and adopted herein, except to the extent that he recommends a remand of the present action.  The Commissioner's Objection (Dkt. No. 22) is granted.  In the absence of any other objection or finding of error, the court hereby affirms the decision of the Commissioner.

s/ J. Thomas Marten
J. THOMAS MARTEN, JUDGE